IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2018 MAR 12 PM 2: 35

MARK WALTERS,
    Plaintiff,

-vs-

CERTEGY CHECK SERVICES, INC.,
    Defendant.

CAUSE NO.:
A-17-CV-1100-SS

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Certegy Check Services, Inc. (Certegy)'s Motion to Dismiss [#17], Plaintiff Mark Walter's Response [#20] in opposition, and Certegy's Reply [#21] thereto. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

Plaintiff, a citizen of Texas, brings this suit against Certegy, a national specialty consumer reporting agency incorporated in Delaware and operating its principal place of business in Florida. Am. Compl. [#13] ¶¶ 1, 6.

This dispute centers on the rejection of a personal check Plaintiff attempted to cash at a grocery store in Austin, Texas. *Id.* ¶¶ 5–6. The grocery store provides a check cashing service to customers for a fee. *Id.* In determining whether to accept or reject a check offered by a customer, the grocery store relies on information provided by Certegy. *Id.* Based on information provided by Certegy, the grocery store denied Plaintiff access to its check cashing services. *Id.* ¶ 7.

Following the denial, the grocery store provided Plaintiff with Certegy's contact information. *Id.* ¶ 8. Plaintiff called Certegy to learn why he was denied access to the grocery



store's check cashing service. *Id.* During the call, Plaintiff requested a copy of Certegy's consumer file on him, which Certegy delivered via mail. *Id.* ¶¶ 9–10.

The consumer file included four events associated with Plaintiff over the past twenty-four months: (1) On July 18, 2017, Plaintiff attempted to cash a $4,000 check at a Wal-Mart, but Certegy did not recommend accepting the check because the "transaction fell outside of the guidelines Certegy has established for authorization." (2) On August 19, 2017, Plaintiff attempted to cash a $202 check at a different grocery store, and Certegy did not recommend cashing the check because the "transaction fell outside the guidelines . . . based on factors such as transaction frequency and patterns that reflect potential identity theft or unauthorized transactions associated with the ID presented." (3) On August 20, 2017, Plaintiff tried to cash a check for $200 at the grocery store, and Certegy did not recommend accepting the check because the transaction fell outside of Certegy's guidelines; and (4) On August 20, 2017, Plaintiff attempted to cash a second check—listed as having the same check number as the other check Plaintiff tendered on August 20th—for $200 at the grocery store, and Certegy did not recommend accepting the check because "records indicated that the same check or payment had been submitted to us before, and authorization had been declined." Resp. [#20-1] Ex. A (Consumer File Disclosure Report).[1]

After reviewing his consumer file, Plaintiff again telephoned Certegy and spoke with Certegy's customer service representative. Am. Compl. [#13] ¶¶ 35–36. The representative was unable to explain why Plaintiff had been denied access to the check cashing service, but outlined the process by which Plaintiff could request a reinvestigation. *Id.* ¶¶ 36–39. According to

---

[1] The Court concludes the "Consumer File Disclosure Report" offered by Plaintiff is incorporated by reference into Plaintiff's amended complaint because Plaintiff alleges Certegy mailed him a copy of his consumer by file sometime before August 28, 2017. *See* Am. Compl. [#13] ¶¶ 9–12.

2

Plaintiff, the representative "informed Plaintiff a reinvestigation would be conducted, and that Plaintiff would receive a written response to his request for reinvestigation." *Id.* ¶ 40.

Plaintiff mailed a letter to Certegy on August 28, 2017. *Id.* ¶ 11. The August 28th letter included the following:

> The transactions dated 08/18/17, 08/19/17 was not a transaction to be flagged as a the "same check" submitted before, and again, access to your guidelines are not available prior to cashing a check. The transactions dated 08/20/17 was the same check, with the second attempt made due to an error, and an unjustified denial of the first attempted transaction.
>
> I request a reinvestigation of the denied transactions, and that all negative information contained by Certegy, and reported to any other credit reporting agency be corrected, and removed from any credit report generated by either Certegy or any other credit reporting agency.

Mot. Dismiss [#17-4] Ex. B (Aug. 28th Letter).[2]

Three days later, Certegy responded via letter. Am. Compl. [#17] ¶ 13. Certegy's letter stated, "Regarding the decline you experienced, although there were no returned checks on file, the check fell outside of approval guidelines." Mot. Dismiss [#17-5] Ex. C1 (Sept. 1, 2017 letter).[3] Certegy's letter refused to "disclose those confidential, proprietary guidelines" because to do so "would seriously diminish [Certegy's] ability to prevent any type of fraudulent activity." *Id.*

On October 25, 2017, Plaintiff filed suit in state court, and Certegy removed the case to this Court, asserting both federal question jurisdiction and diversity jurisdiction. Removal

---

[2] Although the August 28th letter was first provided by Certegy as an exhibit to its motion to dismiss, the Court finds Plaintiff's amended complaint incorporated the August 28th letter by reference as the amended complaint stated Plaintiff mailed his reinvestigation letter on August 28, 2017. Am. Compl. [#13] ¶¶ 11–12.

[3] The Court also finds Certegy's September 1st letter—attached as part of exhibit C to Certegy's motion to dismiss and identified by this Court as exhibit C1—to be incorporated into the amended complaint by reference as Plaintiff asserted Certegy responded to his letter three days following the August 28th letter. Am. Compl. [#13] ¶ 13. However, the Court does not find the second portion of Certegy's exhibit C to be incorporated by reference. The second part of exhibit C contains a "consumer file disclosure report" prepared on October 21, 2017. *See* Mot. Dismiss [#17-5] Ex. C2. Plaintiff's amended complaint contains no reference to such a report prepared or received in the fall of 2017. *See* Am. Compl. [#13].

3

Notice [#1] ¶ 1. Plaintiff subsequently filed an amended complaint, alleging Certegy violated the federal Fair Credit Reporting Act (FCRA), the Texas Consumer Credit Reporting Act (TCCRA), and the Texas Deceptive Trade Practices Act (DPTA). Am. Compl. [#13] ¶¶ 16–33, 53–64. Plaintiff also asserts Certegy is liable for negligence, defamation, and fraud under Texas law. *Id.* ¶¶ 34–52, 65–74.

Certegy moves to dismiss Plaintiff's amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Certegy's motion has been fully briefed and is ripe for a decision.

## Analysis

### I. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, the plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts "must consider" the complaint, as well as other sources such as documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

I. **Application**

The Court first examines whether Plaintiff has stated claims under the FCRA, before analyzing whether Plaintiff has alleged claims under the TCCRA and the DTPA. Finally, the Court evaluates Plaintiff's state common law claims.

A. **FCRA Claims**

Under the FCRA, a consumer reporting agency such as Certegy is tasked with following "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about who the report related." 15 U.S.C. § 1681e(b).[4] If a consumer disputes the completeness or accuracy of any item of information contained within a report, "the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . ." *Id.* § 1681i(a)(1)(A). Plaintiff claims Certegy violated § 1681e by failing

---

[4] The parties do not address whether Certegy's consumer file is a report under the FCRA. For purposes of evaluating the pending motion to dismiss, the Court assumes the consumer file is a report to which the FCRA applies.

to follow reasonable procedures in reporting information and violated § 1681i by failing to conduct a reasonable investigation of his dispute.

In moving for dismissal of these claims, Certegy argues Plaintiff failed to allege any facts indicating Certegy reported or maintained inaccurate information.[5]

Although the context was not identical to the facts of this case, the Fifth Circuit previously examined § 1681e in a case where consumers alleged a reporting agency failed to "maintain reasonable procedures" before providing their credit reports to insurance companies. *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 267 (5th Cir. 2000). Reasoning the FCRA protects against "improper disclosure, not the mere *risk* of improper disclosure that arises when 'reasonable procedures' are not followed," the Fifth Circuit concluded a plaintiff bringing a claim for violation of the reasonable procedures requirement of § 1681e "must first show that the reporting agency released the report in violation of § 1681b." *Id.* The Fifth Circuit also observed "[c]ourts applying § 1681e(b) uniformly limit recovery to cases where procedures causes actual harm (i.e., release of an inaccurate report) to the consumer." *Id.* at 267 n.3. Applying the Fifth Circuit's analysis to claims under §§ 1681e(b) and 1681i suggests a plaintiff must allege a failure to follow reasonable procedures caused an inaccuracy in the credit report produced.

Several district courts have cited *Washington* in concluding just that. *See, e.g., Toliver v. Experian Info. Sols., Inc.*, 973 F. Supp. 2d 707, 715 (S.D. Tex. 2013) ("In order to establish a prima facie case under § 1681e(b), a consumer must produce some evidence of an inaccuracy in her credit report."); *Norman v. Experian Info. Sols., Inc.*, No. 3:12-CV-128-B, 2013 WL

---

[5] Certegy also offers two other reasons Plaintiff's FCRA claims should be dismissed: (1) Plaintiff did not dispute a particular item in his consumer file and therefore Certegy had no duty to reinvestigate under the FCRA; and (2) Plaintiff cannot bring a claim for failure to explain why Plaintiff's check fell outside of approval guidelines. Because the Court agrees with Certegy's first ground for dismissal of Plaintiff's FCRA claims, the Court need not evaluate Certegy's other arguments.

1774625, at *4 (N.D. Tex. Apr. 25, 2013). This Court holds likewise. To adequately establish a prima facie case that a credit reporting agency failed to follow reasonable procedures in violation of § 1681e(b), a plaintiff must first allege an inaccuracy in the consumer report.

Similarly, this Court joins other courts in concluding a plaintiff must first contend a consumer report contained inaccurate information to establish a claim under § 1681i for failure to conduct a reasonable investigation. *See, e.g., Fillmore v. Equifax Info. Servs., LLC,* No. 1:16-CV-1042-RP, 2017 WL 4276542, at *2 (W.D. Tex. Sept. 26, 2017) (citing *DeAndrade v. Trans Union LLC,* 523 F.3d 61, 67 (1st Cir. 2008) ("[T]he weight of authority in other circuits indicates that without a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail.")); *Morris v. Trans Union LLC,* 420 F. Supp. 2d 733, 751 (S.D. Tex. 2006), *aff'd,* 224 F. App'x 415 (5th Cir. 2007) (finding a consumer may only bring a FCRA claim for noncompliance when an inaccuracy has been included in his credit report).

Thus, to adequately allege Certegy violated § 1681e(b) and § 1681i(a)(1)(A), Plaintiff must allege an inaccuracy in the report Certegy furnished. But Plaintiff fails to allege an inaccuracy or provide any evidence Certegy's consumer file report contained any errors. Plaintiff does not assert any of the four events contained in the report did not occur or were incorrectly reported. At most, Plaintiff complains the report "contained adverse information" and "[t]his information is detrimental, embarrassing, and harming . . . ." Am. Compl. [#13] ¶¶ 7, 11. Where there is no showing such information is inaccurate, allegations that information is merely detrimental are not enough to state a claim under § 1681e(b) or § 1681i(a)(1)(A). The Court therefore grants Certegy's motion to dismiss Plaintiff's FCRA claims.

## B. TCCRA Claims

Plaintiff also claims Certegy violated three sections of the TCCRA, codified as Texas Business and Commerce Code §§ 20.021, 20.06, and 20.07. Certegy argues Plaintiff's TCCRA claims should be dismissed because they are preempted by the FCRA and Plaintiff failed to plead sufficient facts to state a claim for relief. The Court first examines whether Plaintiff adequately pled claims under Texas Business and Commerce Code §§ 20.021, 20.06, and 20.07 before reaching the issue of preemption under the FCRA.

### 1. Failure to State a Claim Analysis

Plaintiff claims Certegy violated § 20.021 by failing to disclose "the criteria used by the check verifier to reject a check from the consumer" or "instructions describing how information is presented on the check verifier's written disclosure of the consumer file." Am. Compl. [#13] ¶ 27. A check verifier is required to disclose such information upon "request and proper identification provided by a consumer." TEX. BUS. & COM. CODE § 20.021 (a). Plaintiff sufficiently alleges he requested Certegy's criteria for rejecting his check and provided Certegy with the proper tracking number. See Am. Compl. [#13] ¶¶ 27, 29; see also Aug. 28th Letter. Plaintiff also alleges Certegy's response did not disclose its evaluation criteria or instructions on how such information is presented to merchants. Id. ¶¶ 31–32. Thus, Plaintiff stated a plausible claim Certegy violated § 20.021 that, if not preempted, survives Certegy's motion to dismiss.

Plaintiff also alleges Certegy failed to follow the dispute procedure required by § 20.06. Id. ¶ 30. The duty to follow the dispute procedure required under § 20.06 is triggered when the consumer disputes "the completeness or accuracy of information contained in [the] consumer's file" and notifies the consumer reporting agency. TEX. BUS. & COM. CODE § 20.06(a). But, as discussed above, Plaintiff does not allege he informed Certegy he was disputing the

8

completeness or accuracy of the information contained in his file. Instead, Plaintiff's August 28th letter shows he sought a reinvestigation of the denied transactions and disclosure of Certegy's evaluation criteria. *See* Aug. 28th Letter. Thus, Plaintiff has not stated a plausible claim Certegy violated § 20.06 because Plaintiff's August 28th letter did not trigger Certegy's duty to follow the dispute procedure.

Although Plaintiff does not explain how Certegy violated § 20.07, the Court nevertheless examines this claim. *See* Am. Compl. [#13] ¶¶ 25–33. Section 20.07 addresses the duty to correct inaccurate information. As Plaintiff has not identified any inaccurate information contained in his consumer file, he has failed to adequately allege Certegy violated § 20.07.

### 2. Preemption Analysis

As Plaintiff only adequately alleged Certegy violated § 20.021, the Court need only examine if the FCRA preempts Plaintiff's § 20.021 claim. Certegy claims the duties imposed under Texas Business and Commerce Code § 20.021 are preempted by the FCRA, specifically 15 U.S.C. § 1681t(b)(1)(B) and § 1681g(a)(1)(B). Section 1681t provides that "[n]o requirement or prohibition may be imposed under the laws of any state . . . with respect to any subject matter regulated under . . . section 1681i of this title . . . ." 15 U.S.C. § 1681t(b)(1)(B). Section 1681i governs the procedures with which a consumer reporting agency is required to comply when a consumer disputes the completeness or accuracy of information in the consumer's file. Certegy claims this provision preempts any reinvestigation duties imposed under state law and thus preempts any duties imposed on Certegy under Texas Business and Commerce Code § 20.021.

The Court disagrees. Certegy's duties under Texas Business and Commerce Code § 20.021 concern disclosure of certain information surrounding the check verification process, not reinvestigation duties when a consumer disputes the accuracy of a credit report. Thus,

because Texas Business and Commerce Code § 20.021 does not impose a requirement or prohibition concerning subject matter regulated by 15 U.S.C. § 1681i, Plaintiff's claim under Texas Business and Commerce Code § 20.021 is not preempted by 15 U.S.C. § 1681i.

Certegy also claims 15 U.S.C. § 1681g(a)(1)(B) preempts Plaintiff's § 20.021 claim. 15 U.S.C. § 1681g(a)(1)(B) states a consumer reporting agency is not required "to disclose to a consumer any information concerning credit scores or any other risk scores or predictors relating to the consumer." Put another way, 15 U.S.C. § 1681g(a)(1)(B) recognizes the FCRA does not require a consumer reporting agency to share its assessment of a consumer's riskiness. But the recognition that a federal law imposes no duty on a consumer reporting agency does not preempt a state from imposing such a duty. *See Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142 (1963) ("The test of whether both federal and state regulations may operate, or the state regulation must give way, is whether both regulations can be enforced without impairing the federal superintendence of the field, not whether they are aimed at similar or different objectives."). Certegy offers no binding authority indicating the FCRA prevents a state from requiring a check verifier to disclose the criteria it used to reject a check. Consequently, the Court finds Plaintiff's claim under Texas Business and Commerce Code § 20.021 is not preempted.

In conclusion, Plaintiff fails to state plausible claims Certegy violated Texas Business and Commerce Code § 20.06 or § 20.07, and these claims must be dismissed. On the other hand, Plaintiff adequately pleads Certegy violated Texas Business and Commerce Code § 20.021. As Plaintiff's remaining TCCRA claim is not preempted by the FCRA, Plaintiff's claim under Texas Business and Commerce Code § 20.021 survives.

## C. DTPA Claims

Plaintiff alleges Certegy is liable under the DTPA via a tie-in provision recognizing any violation of the TCCRA as "a false, misleading, or deceptive act or practice" for purposes of the DTPA. *See* Tex. Bus. & Com. Code § 20.12. Like Plaintiff's claims under the TCCRA, Certegy argues Plaintiff's DTPA claims should be dismissed for failure to state a claim and federal preemption. Plaintiff's DTPA claims rest upon his TCCRA claims. Thus, just as two TCCRA claims were dismissed, so too must their corresponding DTPA claims be dismissed. However, because Plaintiff adequately alleges Certegy violated Texas Business and Commerce Code § 20.021 and that claim is not preempted, a single DTPA claim also survives.

## D. State Common Law Claims

Certegy argues Plaintiff's state common law claims for negligence, defamation, and fraud are preempted by the FCRA. Alternatively, Certegy argues Plaintiff failed to adequately plead his negligence, defamation, and fraud claims.

### 1. Preemption Analysis

The FCRA preempts state law negligent reporting and defamation claims unless the plaintiff consumer proves "malice or willful intent to injure" him. *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 638 (5th Cir. 2002) (citing 15 U.S.C. § 1681h(e)). Thus, to state a claim for negligence or defamation not preempted by the FCRA, Plaintiff must allege facts "supporting an inference [Certegy] reported information with malice or willful intent toward him." *See id.*

Plaintiff alleges no facts indicating Certegy acted with malice or willful intent. *See Meisel v. USA Shade & Fabric Structures Inc.*, 795 F. Supp. 2d 481, 488 (N.D. Tex. 2011) (holding plaintiff alleged malice where he alleged defendants published false statements about him and

11

knew that information to be false). Specifically, as discussed above, Plaintiff fails to allege Certegy reported any false information, let alone that Certegy knowingly did so. Because Plaintiff does not allege malice on the face of his complaint, his negligence and defamation claims are preempted.

However, unlike Plaintiff's negligence and defamation claims, Plaintiff's fraud claim is not preempted. Certegy offers no authority indicating Plaintiff's fraud claim is incompatible with the FCRA. *See* 15 U.S.C. § 1681h(e) (prohibiting only "defamation, invasion of privacy, or negligence" claims). Therefore, the Court turns to Certegy's alternative basis for dismissing Plaintiff's fraud claim.

### 2. Failure to State a Claim Analysis

In order to state a claim for fraud under Texas law, a plaintiff must allege (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker intended to induce another party to act upon the representation; (5) the party acted in reliance upon the representation; and (6) the party thereby suffered injury. *Allstate Ins. Co. v. Receivable Fin. Co.*, 501 F.3d 398, 406 (5th Cir. 2007) (quoting *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001)). To survive a motion to dismiss, fraud allegations bear a heightened pleading standard: a party must state with particularity the circumstances constituting fraud. *Webb v. Everhome Mortg.*, 704 F. App'x 327, 329 (5th Cir. 2017) (citing FED. R. CIV. P. 9(b)). At a minimum, the party alleging fraud must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. *Id.*

Plaintiff alleges Certegy committed fraud when its customer service representative explained Certegy's reinvestigation procedures and "misled, misrepresented, and fraudulently led Plaintiff to believe that an accurate and thorough investigation of Plaintiff's consumer report would be conducted as directed by the FCRA if Plaintiff submitted a written request for reinvestigation." Am. Compl. [#13] ¶ 48.

Plaintiff's fraud claim fails because Plaintiff failed to plead sufficient facts. Most problematic, Plaintiff identifies no injury allegedly resulting from his reliance on Certegy's statement. Plaintiff only claims he was injured when the grocery store refused to cash his check, an event that occurred before Certegy's allegedly false statement. *See* Am. Compl. [#13] ¶ 77. Furthermore, Plaintiff does not provide any facts indicating Certegy's representative knowingly or recklessly made a false representation. At most, assuming Certegy did not conduct a reinvestigation, Plaintiff's fraud allegation amounts to a claim based on a broken promise. Without facts indicating the promise was made with the intention not to perform, a broken promise is insufficient to support a fraud claim. *See Williams v. Ecivres Corp.*, No. CIV. A. H-94-4011, 1995 WL 127182, at *3 (S.D. Tex. Mar. 23, 1995); *New York Life Ins. Co. v. Miller*, 11 Tex. Civ. App. 536, 537 (1895, no writ).

Because Plaintiff's defamation and negligence claims are preempted and Plaintiff failed to allege facts to establish a fraud claim, the Court grants Certegy's motion to dismiss Plaintiff's common law claims.

## Conclusion

In sum, the Court DISMISSES Plaintiff's FCRA claims, two of his TCCRA claims and the corresponding DTPA claims, as well as his claims for negligence, defamation, and fraud.

Only Plaintiff's claims Certegy violated Texas Business and Commerce Code § 20.021 and thus also violated the DTPA remain.

Accordingly,

IT IS THEREFORE ORDERED that Defendant Certegy Check Services, Inc.'s Motion to Dismiss [#17] is GRANTED IN PART and DENIED IN PART as described in this opinion; and

IT IS FINALLY ORDERED that Plaintiff Mark Walter's claims under 15 U.S.C. § 1681e(b) and § 1681i(a)(1)(A); claims under Texas Business and Commerce Code § 20.06 and § 20.07 and their counterparts under Texas Business and Commerce Code § 20.12; and claims for negligence, defamation, and fraud are DISMISSED.

SIGNED this the 11th day of March 2018.

SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE