IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**MARK WALTERS,**
   **Plaintiff,**

-vs-

**CERTEGY CHECK SERVICES, INC.,**
   **Defendant.**

CAUSE NO.:
A-17-CV-1100-SS

## ORDER

 BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Certegy Check Services, Inc. (Certegy)'s Motion for Judgment on the Pleadings [#46], Plaintiff Mark Walters's Response [#48] in opposition, and Certegy's Reply [#49] thereto. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

 Plaintiff, a citizen of Texas, brings this suit against Certegy, a "nationwide specialty consumer reporting agency" incorporated in Delaware and operating its principal place of business in Florida. Second Am. Compl. [#35] ¶¶ 2, 7. "Certegy provides check authorization recommendations to merchants throughout the United States" which these merchants then use to determine whether they should honor a check presented by a consumer. *Id.* ¶ 6. Certegy's recommendations take into account the consumer's identification provided at the point of sale; any unpaid debts in the form of previously returned checks; and a variety of risk factors bearing on the likelihood that a check will be returned unpaid by the consumer's financial institution. *Id.*

1

This dispute centers on Plaintiff's repeated inability to cash checks at several Austin-area merchants as a result of Certegy's recommendations. *See id.* ¶ 11; Order of March 12, 2018 [#24] at 1–2.[1] After several denials of his check-cashing privileges, Plaintiff called Certegy requesting an explanation for these denials. Order of March 12, 2018 [#24] at 1–2. Plaintiff also requested Certegy send him a copy of his consumer file, which Certegy delivered by mail. *Id.* at 1; Second Am. Compl. [#35] ¶ 11–12.

Plaintiff's consumer file included four events associated with Plaintiff over the previous twenty-four months. First, on July 18, 2017, Plaintiff attempted to cash a $4,000 check at Wal-Mart, but Certegy recommended Wal-Mart reject the check because the "transaction fell outside of the guidelines Certegy has established for authorization." Resp. [#20-1] Ex. A (Consumer File Disclosure Report). Second, on August 19, 2017, Plaintiff attempted to cash a $202 check at a grocery store, but Certegy recommended against cashing the check because the "transaction fell outside the guidelines Certegy has established for authorization, based on factors such as transaction frequency and patterns that reflect potential identity theft or unauthorized transactions associated with the ID presented." *Id.* Third, on August 20, 2017, Plaintiff attempted to cash a $200 check at a different grocery store, and Certegy again recommended against accepting the check because the transaction fell outside of Certegy's guidelines. *Id.* Finally, also on August 20, 2017, Plaintiff apparently attempted to cash the same check at the same grocery store; Certegy recommended this check not be cashed because their "records indicated that the same check or payment had been submitted . . . before, and authorization had been declined." *Id.*

---

[1] For ease of reference, this order's citations to page numbers within the docket refer to the CM/ECF number.

2

Convinced these recommendations were in error, Plaintiff mailed a letter to Certegy on August 28, 2017. *See* Order of March 12, 2018 [#24] at 3. In the letter, Plaintiff complained that access to Certegy's guidelines was not available to consumers. Mot. Dismiss [#17-4] Ex. B (Aug. 28th Letter). Plaintiff also disputed the accuracy of Certegy's recommendations and requested a reinvestigation of the denied transactions as well as a correction of "all negative information contained by Certegy and reported to any other credit reporting agency." *Id.*

Three days letter, Certegy mailed Plaintiff a response which stated, "Regarding the decline you experienced, although there were no returned checks on file, the check fell outside of approval guidelines." Mot. Dismiss [#17-5] Ex. C1 (Sept. 1 Letter). The letter declined to "disclose those confidential, proprietary guidelines" because to do so "would seriously [diminish] Certegy's ability to prevent any type of fraudulent activity." *Id.*

On October 25, 2017, Plaintiff filed suit in state court. Certegy properly removed the case to this Court, asserting both federal question and diversity jurisdiction. Removal Notice [#1] ¶ 1. Plaintiff then filed an amended complaint alleging Certegy violated the federal Fair Credit Reporting Act (FCRA), the Texas Consumer Credit Reporting Act (TCCRA), and the Texas Deceptive Trade Practices Act (DTPA). Order of March 12, 2018 [#24] at 4. Plaintiff also alleged Certegy was liable for negligence, defamation, and fraud. *Id.*

On January 11, 2018, Certegy moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mot. Dismiss [#17-1] at 1–2. On March 12, this Court dismissed both of Plaintiff's FCRA claims; two of Plaintiff's three TCCRA claims; two of Plaintiff's three DTPA claims; and all of Plaintiff's common law claims. Order of March 12, 2018 [#24] at 13–14. In considering Plaintiff's FCRA claims, the Court found Plaintiff failed to

allege any inaccuracy in Certegy's consumer file report because he did not "assert any of the four events contained in the report did not occur or were incorrectly reported." *Id.* at 7. Because an alleged inaccuracy was an essential element of Plaintiff's inaccurate report claim and his reasonable investigation claim, the Court dismissed both. *Id.* Similarly, the Court found Plaintiff had failed to state a claim under §§ 20.06 and 20.07 of the Texas Business and Commerce Code because Plaintiff did not identify any inaccurate information in his file or show he disputed the completeness of the information contained in his file. *Id.* at 8–9.

Undeterred, Plaintiff sought and was granted leave by this Court to file a second amended complaint. This second amended complaint alleges a consumer file prepared by Certegy on December 16, 2017 contained two inaccuracies. In a reprise of his first amended complaint, Plaintiff suggests the recommendations denying his check-cashing privileges contained in this report were based on inaccurate information. *See* Second Am. Compl. [#35] ¶¶ 15, 24. The second alleged inaccuracy is new: Plaintiff now alleges the December 16 consumer file failed to include an unpaid check written on November 1, 2017 in a section titled "Outstanding Items." *Id.* ¶¶ 18, 26.

Plaintiff also claims Certegy failed to conduct a reasonable reinvestigation of his December 16 consumer file. Second Am. Compl. ¶ 17. Plaintiff originally requested this reinvestigation in a letter sent on December 24, 2017; this request was later supplemented by a letter sent on January 3, 2018, which notified Certegy of the outstanding November 1 check and requested Certegy investigate the check as part of the reinvestigation process.[2] *Id.* ¶¶ 19, 20; *see*

---

[2] Certegy did not receive a letter from Plaintiff regarding the November 1 check until January 3 because Plaintiff himself did not know of the check until he received a letter from a collections agency on January 2, 2018. Second Am. Compl. [#35] ¶ 18.

4

Mot. J. Pleadings [#46] App. Ex. B (Dec. 24th Letter); Resp. [#48] Ex. 6 (Jan. 3d Letter). Though Plaintiff concedes "Certegy completed the reinvestigation [he] asked for," he contends Certegy's failure to include the November 1 check in a reinvestigation report indicates Certegy's reinvestigation was not reasonable. Second Am. Compl. [#35] ¶ 20.

On these bases, Plaintiff alleges Certegy violated the FCRA, the TCCRA, and the DTPA. *Id.* ¶¶ 23–29, 35–39, 44–47, 49–50. Certegy now moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Mot. J. Pleadings [#46] at 1. Certegy's motion has been fully briefed and is ripe for decision.

## Analysis

### I. Legal Standard

Rule 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." FED. R. CIV. P. 12(c). "A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (internal citations omitted).

In the Fifth Circuit, a Rule 12(c) motion is subject to the same standard applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002). Thus, the court must look only to the pleadings, construing such pleadings liberally and accepting all allegations contained therein as true. *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002). At the same time, a court is not

bound to accept legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), and although all reasonable inferences will be resolved in favor of the plaintiff, the complaint must include "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

II. **Application**

The Court first considers Plaintiff's FCRA claims. It then turns to Plaintiff's state law claims.

A. **FCRA Claims**

Under the FCRA, when a consumer reporting agency such as Certegy prepares a consumer file,[3] they must have "reasonable procedures" in place to "assure maximum possible accuracy of the information" in the file. 15 U.S.C. § 1681e(b). Additionally, if a consumer disputes "the completeness or accuracy" of any information in the consumer's file and notifies the agency of this dispute, the agency must conduct a reasonable reinvestigation of the information in the consumer's file. *Id.* § 1681i(a)(1)(A). The adequacy of an agency's reinvestigation procedures is judged according to what a reasonably prudent person would do under the circumstances. *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982). In most cases, the reasonableness inquiry is a question for the finder of fact. *Cousin v. Trans Union Corp.*, 246 F.3d 359, 368 (5th Cir. 2001) (citing *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991)).

---

[3] The parties do not address whether Certegy's consumer file is a report under the FCRA. For purposes of evaluating the pending motion for judgment on the pleadings, the Court assumes the consumer file is a report that must meet the requirements of the FCRA.

The FCRA contains two separate damages provisions. If a consumer reporting agency negligently fails to comply with the FCRA, a consumer may recover actual damages resulting from the agency's failure to comply. *See* 15 U.S.C. § 1681o(a)(1). If a consumer reporting agency willfully fails to comply with the FCRA, however, a consumer may recover either actual damages or statutory damages. 15 U.S.C. § 1681n. A plaintiff need not show "malice or evil motive" to establish a consumer reporting agency acted willfully in violation of § 1681n; rather, the standard is met when the agency acts "knowingly and intentionally." *Cousin*, 246 F.3d at 372 (citing *Pinner v. Schmidt*, 805 F.2d 1258, 1263 (5th Cir. 1986)).

### 1. Plaintiff's § 1681e Claim

Plaintiff claims Certegy violated § 1681e because the consumer file it produced on December 16 was inaccurate in two ways. First, Plaintiff argues the consumer file was inaccurate because it included recommendations to deny Plaintiff's check-cashing privileges that were based on incorrect information. Second Am. Compl. [#35] ¶¶ 24, 26. Second, Plaintiff argues Certegy's consumer file was inaccurate because it failed to include the delinquent November 1 check as an "outstanding item." *Id.* ¶ 18.

Plaintiff's first argument—that the December 16 consumer file "inaccurately" recommended denying Plaintiff's check-cashing privileges—is easily disposed of. As this Court previously determined in ruling on Plaintiff's first amended complaint, "to adequately establish a prima facie case that a reporting agency failed to follow reasonable procedures in violation of §1681e(b), a plaintiff must first allege an inaccuracy *in the consumer report*." Order of March 12, 2018 [#24] at 7 (emphasis added); *see also Tolliver v. Experian Info. Sols., Inc.*, 973 F. Supp. 707, 715 (S.D. Tex. 2013) ("In order to establish a prima facie case under § 1681e(b), a

7

consumer must produce some evidence of an inaccuracy in her credit report."); *Norman v. Experian Info. Sols., Inc.*, No. 3:12-CV-128-B, 2013 WL 11774625, at *4 (N.D. Tex. Apr. 25, 2013). But the information Plaintiff claims was inaccurate did not appear in the report: rather, it formed the basis of the recommendations appearing in the report. Plaintiff does not allege the recommendations in the report were made in response to events that never occurred, nor does he allege the recommendations were incorrectly reported. Thus, because Plaintiff does not allege the recommendations appearing in the report were inaccurate, the Court again concludes Plaintiff fails to show the recommendations rendered the December 16 consumer inaccurate in violation of § 1681e(b).

Plaintiff's next argues the December 16 consumer file was inaccurate because it failed to include the delinquent November 1 check in the file's "Outstanding Items" section. Second Am. Compl. [#35] ¶ 18. Because Plaintiff alleges Certegy is liable for damages pursuant to § 1681n, he must plead sufficient facts to indicate Certegy's omission of the November 1 check was willful. *See id.* ¶ 29, 56; 18 U.S.C. § 1681n. Plaintiff must therefore allege Certegy knowingly and intentionally failed to include the November 1 check. *See Cousin*, 246 F.3d at 372. But Plaintiff alleges *he* did not know about the November 1 check until January 2, 2018, and he does not offer any facts Certegy knew about the November 1 check prior to Plaintiff's January 3 letter. Second Am. Compl. [#35] ¶ 18. For these reasons, the Court finds Plaintiff fails to show Certegy is liable under § 1681e(b) for omitting the November 1 check from the December 16 consumer file.

Thus, because Plaintiff fails to allege the recommendations on the December 16 consumer file were inaccurate and fails to allege the omission of the November 1 check was

8

willful, the Court grants Certegy's motion for judgment on the pleadings for Plaintiff's § 1681e(b) claim.

### 2. Plaintiff's § 1681i Claim

Plaintiff also alleges Certegy failed to conduct a reasonable reinvestigation in violation of § 1681i(a)(1)(A) of the FCRA. Second Am. Compl. [#35] ¶ 26. Specifically, Plaintiff claims Certegy's reinvestigation could not have been reasonable because the reinvestigation report failed to include the November 1 check under the "Outstanding Items" section despite Plaintiff's January 3 letter informing Certegy of the omitted check. *Id.*; *see* Jan. 3d Letter. In response, Certegy offers two arguments. First, Certegy contends it was under no duty to reinvestigate because Plaintiff failed to identify an inaccuracy in the report. Mot. J. Pleadings [#46] at 10–11. Second, Certegy contends Plaintiff has not shown Certegy's reinvestigation was unreasonable. *Id.* at 9–10.

Plaintiff has properly alleged Certegy should have reinvestigated the December 16 report because of the omission of the November 1 check. Section 1681i requires a consumer reporting agency to conduct a reasonable reinvestigation when a consumer disputes either the accuracy or completeness of the information in the consumer's file. 18 U.S.C. § 1681i(a)(1)(A). The January 3 letter specifically notes the December 16 consumer file did not include the November 1 check and requests Certegy "investigate this outstanding item during the reinvestigation process." Jan. 3d Letter. Certegy was thus under a duty to reasonably reinvestigate Plaintiff's consumer file once it was notified Plaintiff disputed the completeness of the information in his file.

Additionally, Plaintiff pleads sufficient facts to indicate Certegy failed to conduct a reasonable reinvestigation. Plaintiff alleges that Certegy received the January 3 letter, that

9

Certegy knew of the outstanding November 1 check, and that Certegy subsequently produced a reinvestigation report that nevertheless omitted the check as an "outstanding item." Second Am. Compl. [#35] ¶ 26. This omission following the reinvestigation creates a factual dispute as to the reinvestigation's reasonableness. Because Certegy had a duty to conduct a reinvestigation and because there is a factual dispute regarding the reasonableness of the reinvestigation, judgment on the pleadings is inappropriate. Thus, the Court denies Certegy's motion for judgment on the pleadings for Plaintiff's § 1681i(a)(1)(A) claim.[4]

In conclusion, the Court grants Certegy's motion for judgment on the pleadings on Plaintiff's claim Certegy produced an inaccurate report in violation of § 1681e(b). However, because there are factual disputes regarding the reasonableness of Certegy's reinvestigation procedures, the Court denies Certegy's motion for judgment on the pleadings on Plaintiff's § 1681i(a)(1)(A) claim.

B.  **TCCRA Claims**

Plaintiff brings three claims against Certegy under the TCCRA, codified as Texas Business and Commerce Code §§ 20.021, 20.06, and 20.07. Second Am. Compl. [#35] ¶ 31. First, Plaintiff claims Certegy violated § 20.021 by failing to disclose the criteria it used to reject Plaintiff's checks and by failing to provide a set of instructions describing how information is presented in the written disclosures in Plaintiff's consumer file. *Id.* ¶¶ 36, 37. Second, Plaintiff claims Certegy violated § 20.06 by failing to reinvestigate Plaintiff's consumer file and by failing to include the required statements and notices in its reinvestigation report. *Id.* ¶ 31, 35.

---

[4] Plaintiff has also pled sufficient facts to indicate Certegy's failure to conduct a reasonable reinvestigation was willful. *See* Second Am. Compl. ¶¶ 20, 26. Since Certegy does not contest this element in its motion for judgment on the pleadings, the Court finds Plaintiff has created a factual dispute as to whether Certegy's failure to reasonably reinvestigate was willful.

Third, Plaintiff claims Certegy violated § 20.07 because it did not have reasonable procedures in place to correct inaccurate information in Plaintiff's consumer file. *Id.* ¶ 38.

Certegy argues it is entitled to judgment on the pleadings on these claims because they are preempted by the FCRA and because Plaintiff fails to plead sufficient facts to state a claim for relief. Mot. J. Pleadings [#46] at 11–15. The Court first considers Certegy's argument that Plaintiff failed to state a claim under the TCCRA before analyzing whether Plaintiff's TCCRA claims are preempted by the FCRA.

### 1. Failure to State a Claim Analysis

#### a. Plaintiff's § 20.021 Claim

Under Texas Business and Commerce Code § 20.021, upon request and proper identification by a consumer, a check verifier must disclose "all information pertaining to the consumer in the check verifier's files," including "the criteria used by the check verifier to reject a check from the consumer" and "a set of instructions describing how information is presented on the check verifier's written disclosure of the consumer file." TEX. BUS. & COM. CODE § 20.021(b)(1–2).

Plaintiff claims Certegy violated § 20.021 by failing to disclose what criteria Certegy uses in making recommendations and by failing to include "instructions describing how information is presented in Plaintiff's written disclosures contained in his consumer file." Second Am. Compl. [#35] ¶¶ 36–37. Certegy argues Plaintiff fails to state a claim under § 20.021

because Certegy was not required to give the requested information under a competing provision in the FCRA.[5] Mot. J. Pleadings [#46] at 12–13.

Plaintiff sufficiently alleges he requested Certegy's criteria for rejecting his check and provided Certegy with the proper tracking number. *See id.* ¶ 36; *see also* Dec. 24th Letter. Plaintiff also alleges Certegy's response did not disclose its evaluation criteria or instructions on how such information is presented to merchants. Second Am. Compl. [#35] ¶ 36. Plaintiff thus states a plausible claim Certegy violated § 20.021 that, if not preempted, survives Certegy's motion for judgment on the pleadings.

### b. Plaintiff's § 20.06 Claim

Under Texas Business and Commerce Code § 20.06, if a consumer reporting agency is notified by a consumer that there is a dispute about "the completeness or accuracy of information" contained in the consumer's file, the agency is required to "reinvestigate the disputed information." Upon completing the requested reinvestigation, the agency must provide to the consumer written notice of the results of the reinvestigation, including a statement that the reinvestigation is complete; a statement of the agency's determination on "the completeness or accuracy of the disputed information"; a copy of the consumer's file and a description of the reinvestigation's results; a statement that a description of the procedure used during the reinvestigation process will be provided to the consumer upon request; a statement that the consumer is entitled to add a statement to the file disputing the accuracy or completeness of the

---

[5] In effect, Certegy argues Plaintiff cannot hold it liable under state law because it is in compliance with a competing—and preemptory—federal law. *See* Mot. J. Pleadings [#46] at 12–13. Because this argument is tenable only if § 20.021 is in fact preempted by the FCRA, the Court understands it to be a preemption argument, which it considers below.

information; and a statement that the consumer may be entitled to dispute resolution. TEX. BUS. & COM. CODE § 20.06(f).

Plaintiff's second amended complaint alleges Certegy violated § 20.06 in two ways. First, Plaintiff alleges Certegy violated § 20.06(a) when it failed to conduct any reinvestigation in response to the January 3 letter. Second Am. Compl. [#35] ¶ 35. However, Plaintiff concedes Certegy "completed the requested reinvestigation" and sent Plaintiff a letter "claiming to have conducted a reinvestigation." *Id.* ¶ 20. Even assuming Certegy's reinvestigation was inadequate, § 20.06(a) requires only that a credit reporting agency "reinvestigate" disputed information in a consumer's file. TEX. BUS. & COM. CODE § 20.06(a). As Plaintiff concedes Certegy conducted a reinvestigation, this allegation fails.

Plaintiff also alleges Certegy violated § 20.06(f) because the reinvestigation notice it sent Plaintiff failed to include statements and notices required by statute. In response, Certegy argues it is exempt from § 20.06 because it is a "check verification company" and that, even if § 20.06 is applicable, Plaintiff did not identify any inaccurate information in his report. Mot. J. Pleadings [#46] at 13–14.

Neither argument is persuasive. First, § 20.06(h) explicitly notes that § 20.06 "applies to a business offering check verification or check guarantee services . . . ." TEX. BUS. & COM. CODE § 20.06(h). As Certegy concedes it is such a business, it is not exempt from § 20.06. Mot. J. Pleadings [#46] at 14 (describing Certegy as "a business entity that provides only check verification or check guarantee services"). Second, § 20.06 requires a consumer reporting agency to reinvestigate information that is disputed by the consumer based on its *"completeness* or accuracy." TEX. BUS. & COM. CODE § 20.06(a) (emphasis added). Thus, even if Plaintiff did not

identify any inaccurate information in his consumer file, a reinvestigation was required because Plaintiff disputed the completeness of the information in his file. Certegy must therefore comply with the requirements of § 20.06(f).

Because Plaintiff pleads sufficient facts to indicate Certegy failed to produce a complete reinvestigation report and Certegy has failed to demonstrate § 20.06(f) does not apply, Plaintiff states a plausible claim under § 20.06(f) that, if not preempted, survives Certegy's motion for judgment on the pleadings.

### c. Plaintiff's § 20.07 Claim

Although Plaintiff does not explain how Certegy violated § 20.07, the Court nevertheless examines this claim. If a credit reporting agency produces a report with inaccurate information, the agency must give a person providing consumer credit information the option of submitting a correction of the inaccurate information. TEX. BUS. & COM. CODE § 20.07(a). A consumer reporting agency who receives such a correction must also have reasonable procedures in place to assure that previously reported inaccurate information is promptly corrected. *Id.* § 20.07(b). Plaintiff does not allege he submitted a correction of inaccurate information to Certegy; rather, Plaintiff sent a letter requesting an investigation of information that was not in his file. Second Am. Compl. [#35] ¶ 19; *see* Jan. 3d Letter ("Would you please *investigate* this outstanding item during the reinvestigation process to ensure the accuracy of the report that you produce?"). Because Plaintiff has not alleged he submitted a correction of the information in his consumer report file, he has failed to state a claim that Certegy violated § 20.07.

## 2. Preemption Analysis

Having determined Plaintiff has sufficiently pleaded claims under § 20.021 and § 20.06(f), the Court now analyzes whether either of these claims are preempted by the FCRA.

As to § 20.021, Certegy's motion for judgment on the pleadings simply repeats verbatim the arguments raised by Certegy in its recent motion to dismiss. *Compare* J. Mot. Pleadings [#46] at 11–13 *with* Mot. Dismiss [#17-1] at 9–11. Absent new argument from Certegy, the Court similarly repeats its conclusion that Plaintiff's claim under § 20.021 is not preempted by either 15 U.S.C. §1681t(b)(1)(B) or § 1681g(a)(1)(B). *See* Order of March 12, 2018 [#24] at 9–10.

The Court has not, however, yet had the chance to evaluate whether § 20.06(f) is preempted by the FCRA. 15 U.S.C. § 1681t(b)(1)(B) preempts state laws from imposing any requirement or prohibition with respect to "any subject matter regulated under [§ 1681i] relating to the time by which a consumer reporting agency must take any action . . . in any procedure related to the disputed accuracy of information in a consumer's file . . . ." 15 U.S.C. § 1681t(b)(1)(B).

Certegy argues § 1681t(b)(1)(B) preempts all claims arising out of state law "with respect to any subject matter regulated under section 1681i, including with respect to what are commonly referred to as 'reinvestigation' procedures." Mot. J Pleadings [#46] at 11. But this argument is contradicted by the clear language of the statute, which states § 1681i preempts requirements or prohibitions under state law "relating to the time by which a consumer reporting agency must take any action." 15 U.S.C. § 1681t(b)(1)(B); *see also Consumer Data Indus. Ass'n v. King*, 678 F.3d 898, 901–02 (10th Cir. 2012) (noting § 1681i has preemptive effect

15

"concerning the time by which [consumer reporting agencies] must take certain actions"). Moreover, Certegy offers no authority indicating the FCRA prevents a state from requiring additional statements or disclosures on a reinvestigation report. Thus, the Court finds Plaintiff's claim under § 20.06(f) is not preempted by the FCRA.

In conclusion, Plaintiff fails to state a plausible claim under Texas Business and Commerce Code § 20.07, and the Court grants Certegy's motion for judgment on the pleadings on this claim. By contrast, Plaintiff adequately pleads plausible claims Texas Business and Commerce Code § 20.021 and § 20.06(f), and these claims are not preempted by the FCRA. The thus Court denies Certegy's motion for judgment on the pleadings on these claims.

### C. DTPA Claims

Plaintiff alleges three separate claims under the DTPA. First, Plaintiff alleges Certegy violated § 17.50(a)(1) when Certegy representative told Plaintiff it would conduct a reinvestigation but failed to do so. *See* Second Am. Compl. [#35] ¶¶ 44, 47. Second, Plaintiff alleges Certegy violated § 17.50(a)(2) when it breached an express warranty to conduct a reinvestigation of Plaintiff's disputed consumer report file. *Id.* ¶ 49. Finally, Plaintiff alleges Certegy is liable under the DTPA because it violated the TCCRA, which is a tie-in statute with the DTPA. *Id.* ¶ 50. The Court addresses the "pure" DTPA claims before addressing the tie-in provision.

#### 1. Violation of §§ 17.50(a)(1) and (2)

Section 17.50(a)(1) of the DTPA allows consumers to "maintain an action" against a person who employs a "false, misleading, or deceptive act or practice" that is one of thirty-four specifically enumerated practices that the consumer relied on to the consumer's detriment. *Id.*

§ 17.50(a)(1)(A-B). Additionally, § 17.50(a)(2) allows consumers to "maintain an action" where a there is a "breach of an express or implied warranty." *Id.* § 17.50(a)(2).

Plaintiff appears to allege Certegy violated § 17.50(a)(1) when a Certegy representative misrepresented Certegy's reinvestigation procedures to Plaintiff. *See* Second Am. Compl. [#35] ¶ 46–47. In response, Certegy argues Plaintiff's second amended complaint does not identify a false, misleading, or deceptive act or practice engaged in by Certegy. Mot. J. Pleadings [#46] at 16.

The Court agrees Plaintiff fails to identify a false, misleading, or deceptive act or practice under § 17.50(a)(1). Plaintiff alleges he called Certegy's toll-free number and spoke with a Certegy representative who "outlined the reinvestigation procedures that would be conducted upon Plaintiff's written request." *See* Second Am. Compl. [#35] ¶¶ 42, 46. Plaintiff further alleges this conversation constituted a "misrepresentation" because Certegy has "no reasonable policies or procedures to conduct reinvestigations," as evidenced by the fact Certegy provided him with a "mass produced form letter." *Id.* ¶¶ 44, 47. But Plaintiff does not identify any specific discrepancy between the reinvestigation process described by the Certegy representative and the reinvestigation process Certegy subsequently employed. Thus, Plaintiff has failed to properly allege Certegy's representative's description of the reinvestigation procedure constitutes a false, misleading, or deceptive act or practice, and his claim under § 17.50(a)(1) fails. The Court therefore grants Certegy's motion for judgment on the pleadings for Plaintiff's claim under § 17.50(a)(1).

Plaintiff further alleges Certegy violated § 17.50(a)(2) when it breached an express warranty by promising Plaintiff it would conduct a reinvestigation and then failed to do so. *Id.*

¶ 49. Certegy responds that Plaintiff has failed to plead sufficient facts to support his claim Certegy breached an express warranty. Mot. J. Pleadings [#46] at 19.

The Court also agrees Plaintiff fails to plead sufficient facts Certegy breached an express warranty. The only express warranty Plaintiff claims Certegy made to him is that it would conduct a reinvestigation into his file. Second Am. Compl. [#35] ¶ 49. But Plaintiff fails to offer any proof beyond Certegy's production of a form letter that Certegy breached an express warranty to reinvestigate his claims in violation of § 17.50(a)(2). Furthermore, as noted above, Plaintiff concedes Certegy "completed the requested reinvestigation." *Id.* ¶ 20. Because Plaintiff fails to adequately plead Certegy breached its express warranty to reinvestigate Plaintiff's file, Plaintiff's claim under § 17.50(a)(2) fails. The Court therefore grants Certegy's motion for judgment on the pleadings on Plaintiff's claims brought under § 17.50(a)(2).

### 2. Violation of Tie-in Statute

Plaintiff alleges Certegy is liable under the DTPA via a tie-in provision recognizing any violation of the TCCRA as "a false, misleading, or deceptive act or practice" for purposes of the DTPA. *See* TEX. BUS. & COM. CODE § 20.12. Because the TCCRA contains a tie-in provision to the DTPA, a plaintiff who properly alleges a violation of the TCCRA may bring a corresponding claim under the DTPA based on the conduct giving rise to liability under the TCCRA. *See id.* As Plaintiff has properly plead Certegy violated § 20.021 and § 20.06(f) of the TCCRA, those violations form the basis for two corresponding DTPA claims and the Court denies Certegy's motion for judgment on the pleadings on these claims. However, as Plaintiff fails to state a claim under Texas Business and Commerce Code § 20.07, the Court grants Certegy's motion for judgment on the pleadings on the corresponding DTPA claim.

## Conclusion

In sum, the Court dismisses with prejudice Plaintiff's claim brought under 15 U.S.C. § 1681e(b), his DTPA claims brought under Texas Business and Commerce Code § 17.50(a)(1) and § 17.50(a)(2), his TCCRA claim brought under Texas Business and Commerce Code § 20.07, and that claim's corresponding DTPA claim brought under Texas Business and Commerce Code § 20.12. However, Plaintiff's claim brought under 15 U.S.C. § 1681i(a)(1)(A), his TCCRA claims brought under Texas Business and Commerce Code § 20.021 and § 20.06(f), and those claims' corresponding DTPA claims brought under Texas Business and Commerce Code § 20.12 survive.

Accordingly,

IT IS THEREFORE ORDERED that Defendant Certegy Check Services, Inc.'s Motion for Judgment on the Pleadings [#46] is GRANTED IN PART and DENIED IN PART as described in this opinion.

SIGNED this the 2nd day of October 2018.

SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE