IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MARK WALTERS,
          Plaintiff,

-vs-

CERTEGY CHECK SERVICES, INC.,
          Defendant.

CAUSE NO.:
A-17-CV-1100-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Mark Walters's Motion to Compel Discovery [#39], Defendant Certegy Check Services, Inc. (Certegy)'s Response [#40], and Walters's Reply [#44] thereto. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and order.

### Background

This is a discovery dispute related to a lawsuit brought by Plaintiff against Certegy alleging violations of the federal Fair Credit Reporting Act (FCRA), the Texas Consumer Credit Reporting Act (TCCRA), and the Texas Deceptive Trade Practices Act (DTPA). The factual background of the underlying suit is described in the Court's order granting in part and denying in part Certegy's motion for judgment on the pleadings. Order of Oct. 2, 2018 [#51] at 1–5.[1] That order also disposed of half of Plaintiff's claims. *Id.* at 19. Plaintiff's remaining claims are: (1) that Certegy violated

---

[1] For ease of reference, this order's citations to page numbers within the docket refer to the CM/ECF number.

1

the FCRA and the TCCRA by failing to reasonably reinvestigate an incomplete consumer file; (2) that Certegy violated the TCCRA by failing to disclose what criteria it uses in recommending the rejection of a consumer's check and by failing to include a set of instructions describing how information is presented on its written disclosure of the consumer file; and (3) that Certegy violated the DTPA via a tie-in provision recognizing any violation of the TCCRA as actionable under the DTPA. *See id.*

Plaintiff's pending motion seeks to compel Certegy to produce documents in response to six of Plaintiff's requests for production.[2] These six requests fall into two categories.

The first category contains Requests #13 and #19, which seek documents related to legal proceedings involving Certegy and third parties, including enforcement proceedings instituted against Certegy by federal agencies and citizen suits brought against Certegy under the FCRA. Mot. Compel [#39-2] Ex. A at 7, 8. Certegy objected to these Requests for being vague, overly broad, and unduly burdensome, for seeking documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, for requesting confidential information, for requesting documents that are equally accessible to Plaintiff, and for requesting documents in violation of the applicable privilege rules. *Id.* [#39-3] Ex. B at 5–6. The second category contains Requests #3, #8, #9, and #21, which seek documents related to Certegy's policies and procedures to ensure FCRA compliance, including all disclosure statements Certegy sent to Plaintiff. *Id.* [#39-2] Ex. A, at 5, 6, 8. Certegy objected to Requests #3, #8, and #9 for being overly broad and unduly burdensome, for requesting confidential and non-public information, for seeking documents that

---

[2] Plaintiff initially sought to compel Certegy produce documents related to eight requests for production. Mot. Compel [#39] at 4. Plaintiff then stated his intent to "abandon" two of these eight requests. Reply [#44] at 1 n.1. The Court therefore only considers Plaintiff's remaining six requests.

2

are not relevant or reasonably calculated to lead to the discovery of admissible evidence, and for requesting documents in violation of the applicable privilege rules. *Id.* [#39-3] Ex. B, at 3, 4–5. Certegy objected to Request #21 for being overly broad and for seeking documents that are not within its possession, custody, or control. *Id.* at 6.

Plaintiff asks the Court to compel Certegy to produce the documents sought by Requests #13 and #19 because evidence of Certegy's past violations of the FCRA will "clearly lead" to admissible evidence demonstrating Certegy's "chronic pattern of noncompliance [with] the FCRA." Mot. Compel [#39] at 3. Plaintiff argues the documents sought by Requests #3, #8, and #9 should be produced because Certegy's policies for FCRA compliance have "obvious relevance" to Plaintiff's claims. *Id.* Certegy argues in response that Plaintiff has failed to meet his burden of demonstrating the requested documents fall within the scope of permissible discovery and that Plaintiff has requested documents that are equally available to both parties. Resp. [#40] at 6, 8, 9. This discovery dispute is ripe for review.

## Analysis

### I. Governing Law

Federal Rule of Civil Procedure 26(b)(1) sets the general scope for discovery in federal court and permits a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule 26 further compels a court, upon motion or *sua sponte*, to limit the "frequency or extent" of discovery if it determines that the discovery: (1) is unreasonably cumulative or duplicative or is obtainable from some more convenient, less burdensome, or less expensive source; (2) is sought by a party who has had ample opportunity to obtain it; or (3) exceeds the scope of Rule 26(b)(1). FED. R. CIV. P. 26(b)(2)(C).

District courts "must be mindful of the[se] limitations" when adjudicating discovery disputes. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

Federal Rule of Civil Procedure 34 allows parties to serve upon each other requests to produce any designated documents within the responding party's possession, custody, or control. If a responding party fails to produce requested documents, Rule 37 permits the requesting party to move to compel the responding party to produce the documents. FED. R. CIV. P. 37(a)(3)(B)(iv). The party moving to compel production bears the burden of showing clearly that the requested discovery is within the scope of Rule 26. *See, e.g.*, *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006) ("The burden lies with the moving party to show clearly that the information sought is relevant to the case and would lead to admissible evidence.").

Plaintiff's surviving FCRA claim alleges Certegy violated 15 U.S.C. § 1681i(a)(1)(A), which requires a credit reporting agency to conduct a reasonable reinvestigation into the information contained in a consumer's file if the consumer disputes "the completeness or accuracy" of the information. The adequacy of an agency's reinvestigation procedure is judged according to what a reasonable person would do under the circumstances. *Thompson v. San Antonio Retail Merchs. Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982).

## II. Application

The Court first considers Plaintiff's motion as to Requests #13 and #19. It then considers Plaintiff's motion as to Requests #3, #8, #9, and #21.

### A. Requests for Production #13 and #19

Request #13 seeks "any administrative complaints or other documents showing, relating to, or referring to enforcement proceedings instituted against [Certegy] by any federal agency since

2008 regarding violations, or alleged violations" of the FCRA. Mot. Compel Production [#39-2] Ex. A at 7. Request #19 asks for copies of "all settlement[] agreements, release agreements, indemnifications, or other documents and materials" related to FCRA citizen suits brought against Certegy since 2008. *Id.* at 8. Plaintiff moves to compel the production of these documents because they "will clearly lead to evidence admissible at trial." Mot. Compel [#39] at 3.

The Court denies Plaintiff's motion for Requests #13 and #19 because these Requests seek discovery that is beyond the scope of Rule 26. Plaintiff's sole cause of action under the FCRA is that Certegy failed to conduct a reasonable reinvestigation into disputed information contained in Plaintiff's consumer file. By requesting evidence of *all* of Certegy's past FCRA violations, Plaintiff seeks documents involving causes of action under the FCRA that are not at issue in this case. *See* 15 U.S.C. § 1681b (cause of action under the FCRA for issuing or obtaining a credit report for an impermissible purpose); *id.* § 1681c (failing to include an alert of fraud or identity theft in a consumer file); *id.* § 1681e(b) (failing to follow reasonable procedures to assure maximum possible accuracy of information contained in a consumer file); *id.* § 1681k(a)(1) (failing to properly inform a consumer of adverse public-record information contained in a consumer report furnished for employment purposes). Requests #13 and #19 are therefore overly broad because they request evidence that has no relevance to Plaintiff's case. Because the Court concludes Requests #13 and #19 seek discovery that is beyond the scope of Rule 26, it denies Plaintiff's motion as to these Requests.

**B. Requests for Production #3, #8, #9, and #21**

Request #3 asks Certegy to produce "all policy manuals, handbooks, or other materials" relating to its "policies, rules and performance of conducting reinvestigations of disputed

5

information in a consumer's file." Mot. Compel [#39-2] Ex. A at 5. Similarly, Request #9 asks Certegy to produce "all manuals, memoranda, instructions, and other materials" relating to its "policies, procedures or practices" when reinvestigating a disputed consumer file. *Id.* at 6. Request #8 sought "all materials that discuss, refer, or relate[] to [Certegy's] procedures for ensuring" FCRA compliance generally. *Id.* And Request #21 sought "all disclosure statements given to Plaintiff and any other notices of Plaintiff's rights" under the FCRA. *Id.* at 8.

The Court first disposes of Request #21. In responding to Plaintiff's motion, Certegy argued the documents sought by Request #21 are either already in Plaintiff's possession or can be as easily obtained by Plaintiff as by Certegy. Resp. [#40] at 10. As Request #21 explicitly seeks documents that were previously "given to Plaintiff," the Court agrees with Certegy.[3] It therefore denies Plaintiff's motion as to Request #21.

Request #8 is also easily disposed of. Plaintiff's allegations against Certegy involve a single section of the FCRA, yet Plaintiff has requested Certegy provide him with materials related to its procedures for complying with all sections of the FCRA. Documents related to Certegy's procedures for complying with sections of the FCRA not involved in this lawsuit are irrelevant to Plaintiff's case and are therefore outside the scope of Rule 26. The Court consequently denies Plaintiff's motion as to Request #8.

Requests #3 and #9 are duplicative. Both Requests seek, with minor differentiations in phrasing, materials related to Certegy's policies for reinvestigating disputed consumer files. Even if Certegy were obligated to respond to one of these Requests, it is not obligated to respond to

---

[3] The Court further notes that Plaintiff's motion to compel mentions Request #21 only in the conclusion, and his reply ignores Request #21 altogether. *See* Mot. Compel [#39] at 4; Reply [#44].

both. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (requiring the court to limit the extent of discovery where it determines that "the discovery sought is unreasonably cumulative or duplicative"). The Court concludes, however, that the documents sought by these Requests are discoverable. Plaintiff's remaining FCRA claim alleges Certegy failed to conduct a reasonable reinvestigation of his consumer file. *See* Second Am. Compl. [#35] ¶ 26. Certegy's reinvestigation policies and procedures are relevant to this claim because the existence of reasonable policies and procedures tends to make it more likely Certegy reasonably reinvestigated Plaintiff's consumer file; conversely, the existence of unreasonable policies and procedures tends to make it less likely Certegy reasonably reinvestigated Plaintiff's consumer file. *See* FED. R. EVID. 401 (defining "relevant"). Accordingly, the Court grants Plaintiff's motion as to Request #3. It denies Plaintiff's motion as to Request #9 because it is duplicative of Request #3.

## Conclusion

In sum, the Court grants Plaintiff's motion as to Request #3. It denies Plaintiff's motion as to Requests #5 and #6 because Plaintiff no longer seeks the documents they requested. It denies Plaintiff's motion as to Request #9 because it is duplicative of Request #3. It denies Plaintiff's motion as to Requests #8, #13 and #19 because they seek discovery that is beyond the scope of Rule 26. Finally, it denies Plaintiff's motion as to Request #21 because it seeks documents already within Plaintiff's possession, custody, or control.

Accordingly,

IT IS ORDERED that Plaintiff Mark Walters's Motion to Compel Discovery [#39] is GRANTED IN PART and DENIED IN PART as described in this opinion.

SIGNED this the 12th day of February 2019.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　SAM SPARKS
　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE